UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KIM HENSLEY,

        Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

Case No. 2:25-cv-01508-EJY

**ORDER**

Plaintiff Kim Hensley ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff is not disabled under the Social Security Act (the "Act"). ECF No. 8, Administrative Record ("AR") 1327. The Court reviewed Plaintiff's Brief (ECF No. 8), the Commissioner's Response (ECF No. 12), and Plaintiff's Reply (ECF No. 13). The Court finds as follows.

**I.     BACKGROUND**

Plaintiff filed a Title II application for disability and disability insurance benefits on March 10, 2017. ECF No. 8 at 3. The Social Security Administration denied her application initially and upon reconsideration. *Id*. Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") that was held on January 31, 2018. *Id*. The ALJ issued his decision finding Plaintiff not disabled on September 4, 2018. *Id*. Plaintiff requested review of the ALJ's decision which was denied by the Appeals Council on October 21, 2019. *Id*.

On March 28, 2021, Plaintiff filed a civil action in this Court seeking review of the Commissioner's decision. *Hensley v. Kijakazi*, Case No. 2:21-cv-00508-VCF, ECF No. 1. On December 16, 2021, the Court granted the parties' stipulation to remand the case for further administrative action in accordance with sentence four of 42 U.S.C. § 405(g). *Hensley v. Kijakazi*, ECF No. 23.

On remand, the newly appointed ALJ held a telephonic hearing on June 14, 2023, and published an unfavorable decision on July 5, 2023. AR 1327-41. Plaintiff appealed to the Appeals Council which declined to assume jurisdiction on June 24, 2025. AR 1301.

## II.   STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III.   ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1.    the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2.    the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f),

404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV.    THE SUMMARY OF ALJ'S DECISION

At the outset, the ALJ noted that the Appeals Council directed him to give further evaluation and analysis to Plaintiff's residual functional capacity ("RFC"), subjective symptoms, and past relevant work.  AR 1327.  The ALJ was also directed to obtain supplemental evidence from a vocational expert if needed to assess any of Plaintiff's limitations.  *Id*.

Applying the five-step evaluation, the ALJ found at step one that Plaintiff last met the insured status requirements on December 31, 2017 and did not engage in substantial gainful activity between her alleged onset day of January 2, 2015 and her date last insured.  AR 1330.  At step two, the ALJ found Plaintiff suffered from the following two severe impairments: degenerative disc disease of the lumbar and cervical spine and mild carpal tunnel syndrome.  AR 1330.  The ALJ further identified Plaintiff's non-severe impairments as including obesity, anxiety, thyroid disorder (diagnosed as Hashimoto's disease), hypertension, dermatitis, gastroesophageal reflux disease, a history of dry eye syndrome, and MTHFR mutation.  AR 1330.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of those listed in the regulations.  AR 1333.  The ALJ further determined that Plaintiff had an RFC to perform a full range of work at all exertional levels with several non-exertional limitations.  AR 1334.  Specifically, the ALJ noted that Plaintiff could "occasionally reach overhead to the right," frequently handle and finger items with bilateral hands, and occasionally climb, balance, stoop, kneel, crouch, and crawl.  AR 1334.

The ALJ summarized Plaintiff's symptom testimony (AR 1335) finding her statements concerning the intensity, persistence, and limiting effects of those symptoms not entirely consistent with the medical evidence in the record.  AR 1336.  More precisely, the ALJ stated the objective medical evidence was "not entirely consistent with" and did not support her alleged disabling symptoms.  AR 1336.  From the evidence that did exist, the ALJ explained that Plaintiff received routine and conservative treatment for her symptoms.  *Id*.  The ALJ noted several medical appointments between September 9, 2015 and May 5, 2018 at which Plaintiff's presentation did not

match her allegations of disabling pain. AR 1336-38. For example, Plaintiff complained of pain with range of motion with her left arm, yet the pain was not repeated upon examination. AR 1336 (citing AR 426). The ALJ also highlighted that Plaintiff "engaged in a somewhat normal level of daily activity and interaction" which demonstrated a "significant functional capacity and not an individual unable to sustain regular and continuing work." AR 1335.

In crafting the RFC, the ALJ explained he would not "defer or adopt any prior administrative medical findings or medical opinions" but would instead create an RFC that is "best supported by the objective evidence as a whole." AR 1338. The ALJ gave little weight to Plaintiff's treating chiropractor's Alexander Janda (hereinafter "Janda"), opinions because they were unsupported and inconsistent with the existing medical evidence. AR 1338-39. With respect to the state agency reviewing physicians and psychologists—none of whom were individually identified in the written decision or briefing, but each of whom found Plaintiff's impairments were non-severe—the ALJ explained their opinions were also unsupported and inconsistent with the existing medical evidence. AR 1338-39. After rejecting all the medical opinions in the record, the ALJ crafted his RFC based on the medical evidence in the record and "consideration of [Plaintiff's] subjective complaints." AR 1340.

At step four, the ALJ determined Plaintiff could perform past relevant work as a general office manager and a biller, neither of which would be precluded by Plaintiff's RFC. AR 1340. Thus, the ALJ concluded the claimant was not disabled from the alleged onset date through the date of last insured. AR 1341.

**V.    DISCUSSION**

a.    Issue Before the Court.

Plaintiff presents two issues for the Court's review: (1) whether the ALJ erred in assessing Plaintiff's RFC, and (2) whether the ALJ supplied clear and convincing reasons to discount Plaintiff's symptom testimony. ECF No. 8 at 5, 11.

b.    The Parties' Arguments.

While in her brief Plaintiff identifies the issue as whether substantial evidence supports the RFC, the Court finds Plaintiff asserts two distinct legal arguments about the RFC formulation. First,

Plaintiff argues that "when an ALJ rejects all medical opinions, he cannot rely on raw medical evidence to formulate an RFC." ECF No. 13 at 4-5. To this end, Plaintiff says the ALJ committed reversible error when he relied on his "untrained medical interpretation" and "lay opinion" of the medical record to fashion the RFC. ECF No. 8 at 5. Second, Plaintiff argues the ALJ erred by not creating a "logical bridge" between the medical evidence in the record and the RFC limitations given. ECF No. 8 at 10-11. By not explaining why the medical evidence merited certain limitations, Plaintiff argues the ALJ did not "show his work" to create the RFC. *Id*. at 10. Plaintiff avers that these legal errors were not harmless because the vocational expert, who relied on the RFC, lacked a complete and accurate hypothetical to support finding that Plaintiff could perform past relevant work. *Id*. at 11.

Third and separately, Plaintiff argues the ALJ did not provide a clear and convincing reason to reject Plaintiff's symptom testimony about her various impairments. *Id*. at 11-12. Plaintiff argues the ALJ failed to "draw a nexus between" Plaintiff's routine daily activities and the rigors of full-time employment. *Id*. at 15. Plaintiff asserts that the ALJ was required to identify aggressive treatment options that "would be commensurate" with Plaintiff's symptom testimony even though she does not take issue with the ALJ's characterization of her treatment as "routine, conservative, and non-emergent." *Id*. at 15-16. Moreover, Plaintiff contends the ALJ erred by discounting Plaintiff's pain testimony based on her reported improvements because improvement with pain does not necessarily mean an ability to function in the workplace. *Id*. at 16.

In response, the Commissioner argues the ALJ's decision is free from legal error and supported by substantial evidence in the record. ECF No. 12 at 1. The Commissioner avers that no binding case law or regulatory authority requires an RFC to be supported by a matching medical opinion. *Id*. at 4. The Commissioner submits (1) it is the ALJ's job to craft the RFC based on all the evidence in the record, and (2) Ninth Circuit precedent confirms ALJs are capable of reviewing medical evidence and reaching conclusions based on that evidence when carrying out their statutory duty. *Id*. at 4-5 (citing *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The Commissioner says the ALJ reasonably assessed the medical evidence in this case, which is substantial and supports the ALJ's decision. *Id*. at 5-6. The Commissioner also highlights that Plaintiff points to no evidence

contradicting the ALJ's RFC evaluation. *Id*. at 6. Likewise, the Commissioner emphasizes that an ALJ may evaluate the non-technical evidence in the medical record—as ALJs are statutorily required to do—and such evaluations do not constitute "lay interpretations" of technical medical data. *Id*. at 7.

Next, the Commissioner argues the ALJ supplied clear and convincing reasons to discount Plaintiff's symptom testimony. *Id*. at 8. The Commissioner posits that the ALJ did not reject Plaintiff's symptom testimony based on a lack of corroborating medical evidence as she argued, but based on the inconsistency between Plaintiff's allegations and the medical record. *Id*. at 11. Thus, the Commissioner contends the ALJ properly identified contradictions which serve as a clear and convincing reason to discount symptom testimony. *Id*. at 10-11. The Commissioner also notes that Plaintiff's routine and conservative medical treatment is contrary to her allegations of disabling pain and establishes clear and convincing reason to discredit her testimony. *Id*. at 11-12. As to Plaintiff's argument that the ALJ was required to identify what other aggressive treatment options would be effective to ameliorate Plaintiff's alleged symptoms, the Commissioner states there is no case law or regulation supporting this proposition. *Id*. at 12. Instead, the case law reflects that observations of conservative treatment can supply a clear and convincing reason to discount pain testimony. *Id*. Finally, the Commissioner argues that the ALJ reasonably found a conflict between Plaintiff's daily activities and the extent of her testimony. *Id*. at 13.

In Reply, Plaintiff maintains the ALJ committed reversable error by not "articulat[ing] a logical bridge from the evidence to [his] conclusions." ECF No. 13 at 3. Plaintiff notes that while the ALJ discussed the medical evidence in the record for several pages, he did not connect that evidence to the RFC, which states Plaintiff can perform a full range of work with a few occasional non-exertional limitations. *Id*. at 4. Plaintiff clarifies she is arguing that "when an ALJ rejects all medical opinions, he cannot rely on raw medical evidence to formulate an RFC." *Id*. at 5. Unlike the cases cited by the Commissioner, Plaintiff submits the ALJ "created his own medical opinion," something he cannot do. *Id*. at 6. As to the subjective symptom testimony, Plaintiff argues that none of the reasons submitted by the Commissioner supply a clear and convincing reason. *Id*. at 7-8. Plaintiff argues her daily living activities cannot provide a clear and convincing reason to discount

7

any portion of her subjective symptom testimony because the ALJ did not "connect the dots between" her minimal activities and the requirements of fulltime employment. *Id*. at 7. Plaintiff maintains that while conservative treatment may serve as a clear and convincing reason to reject symptom testimony generally, the ALJ was required to identify more aggressive treatment options that were available to Plaintiff. *Id*. at 8. Finally, Plaintiff highlights that case law has long recognized "normal clinical findings can coexist with pain and other subjective symptoms" and, thus, normal findings cannot serve as a reason to reject her testimony. *Id*. at 8 (discussing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

        c.     <u>Analysis</u>.

        1.     *The RFC is Free of Legal Error and Supported by Substantial Evidence.*

An RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate." SSR 96-8p, 61 Fed. Reg. at 34478. That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC"). The ALJ's findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch*, 400 F.3d at 679.

The ALJ did not substitute his lay opinion for medical evidence in the record. Instead, the ALJ discussed the medical evidence impacting his RFC formulation and addressed all medical opinions in the record. AR 1334-40. The ALJ gave Janda's opinion little weight because it was unsupported by and inconsistent with the record, including Janda's own notes. AR 1338. The ALJ assigned little weight to the medical opinions of the unidentified state agency physicians and psychologist, each of whom opined that Plaintiff's impairments were non-severe, because the unidentified examiners never met Plaintiff and their review was confined to a portion of the medical record that did not include Plaintiff's testimony. AR 1339. Importantly, Plaintiff does not challenge

the ALJ's decision to discount these medical opinions. Instead, she focuses on what she identifies as the ALJ's lay opinion.

The Court finds Plaintiff's characterization that the ALJ relied on "raw medical data" to fashion the RFC is without merit. ECF No. 8 at 7-8. District Courts operating in the Ninth Circuit agree that an ALJ, as a layperson, is not permitted to interpret "raw medical data." *E.g. Rose P. v. Comm'r of Soc. Sec.*, 414 F.Supp.3d 1339, 1346 (W.D. Wash. 2019). However, "the phrase 'raw medical data' is not synonymous with 'all medical records.'" *Jessica V. v. Bisignano*, 807 F.Supp.3d 1225, 1230 (D. Nev. 2025) (internal citations omitted). Rather, raw medical data means "laboratory findings, medical imaging, and other highly technical information that is not susceptible to lay understanding." *Id*. Conversely, an ALJ does not err when considering portions of the medical record that are "straightforward and easy to understand." *Id*. (citing *Beverly v. Comm'r of Soc. Sec. Admin.*, Case No. 2:24-cv-00914-DAD-DMC, 2025 WL 1752291, at *2 (E.D. Cal. June 25, 2025) (collecting cases).

Plaintiff does not identify the raw medical data she alleges the ALJ improperly interpreted. *See generally* ECF No. 8 at 7-8. Moreover, the Court's review of the ALJ's decision demonstrates he reviewed and synthesized medical records pertaining to Plaintiff's conditions. For example, when the ALJ noted that Plaintiff's blood work was "completely benign," the statement was based on the doctor's summary stating the same. *See* AR 1336 citing AR 467. Similarly, the ALJ explained that an MRI of Plaintiff's lumbar and cervical spine demonstrated multilevel degenerative changes most pronounced at L5-S1 and C5-C6, mild retrolisthesis of L5-S1, moderate bilateral neuroforaminal stenosis at C5-C6 and no spinal canal stenosis. AR 1337. These findings were not the ALJ's own interpretation of the MRI results but the conclusions made by a doctor. AR 502-503. The ALJ also highlighted that Plaintiff consistently had normal movement and strength in all extremities during least seven medical appointments between September 9, 2015 and December 28, 2017—all of which was based on notes of treating medical providers. AR 1336-1338. Thus, the ALJ did not interpret raw data, but relied on the medical finding reported in the record regarding Plaintiff's health and functioning to fashion the RFC.

In sum, the Court finds the ALJ committed no legal error when crafting the RFC without a credited medical opinion on which he expressly relied.  The "ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."  *Rounds*, 807 F.3d at 1006; *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("it is the responsibility of the ALJ, not the [Plaintiff's] physician, to determine residual functioning capacity").  In *Jessica V.*, the court rejected "the argument that an ALJ necessarily errs by formulating an RFC if she finds the medical opinions or … [prior administrative medical finding] to be unpersuasive."  807 F.Supp.3d at 1230 (internal citation omitted).  In doing so, the court explained that the nature of an ALJ's role is to reconcile evidence in the record and otherwise independently review and form "conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work."  *Id*. (internal quote marks and citations omitted).  Indeed, despite rejecting all the medical opinions in the record, the court in *Jessica V*. found the ALJ's RFC supported by substantial evidence and affirmed the Commissioner's decision.  *Id*.

Plaintiff cites *Saimalo T. v. O'Malley*, 2:24-cv-01241-MDC, 2025 WL 2073970 (D. Nev. July 22, 2025) and *Mix v. Dudek*, 3:24-cv-003870-CLB, 2025 WL 914413 (D. Nev. March 26, 2025) in support of her argument that courts in this district have diverged from the reasoning set forth in *Jessica V*.  ECF No. 13 at 5.  This is no moment as each case must be reviewed and decided on the facts presented.  The cases cited by Plaintiff, which were decided prior to *Jessica V*., are distinguishable from the case at hand.  *See Saimalo T*., 2025 WL 2073970 at ***3-6 (substantial evidence did not support an RFC where the ALJ rejected medical opinions without analysis and instead crafted an RFC that was untethered from the record); *Mix,* 2025 WL 914413 at *5 (holding that substantial evidence did not support the RFC's off task limitation where the ALJ did not provide "a single reference to anything in the record" to support the limitation).

The Court must, and did, review the ALJ's decision as a whole "[l]ooking to *all* the pages of the ALJ's decision" when determining whether substantial evidence supports that decision.  *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original).  The RFC is grounded in thorough citations to the record.  AR 1334-40.  And even if the Court disagreed with

the ALJ's assessment, it must uphold the determination where evidence is susceptible to more than one rational interpretation. *Burch*, 400 F.3d at 379.

In addition, the Court finds no legal error with what Plaintiff identifies as a purported failure to establish a logical bridge between the medical evidence and the non-exertional limitations included in the RFC. Plaintiff contends that by jumping from medical evidence to limitation, the ALJ provided no bridging explanation and, thus, the decision lacks reasoning that allows the Court to conduct a meaningful review. ECF No. 8 at 11. The Court finds the ALJ provided an extensive summary of the medical evidence in support of the limitations identified. AR 1337-38. And, the decision clearly identifies the evidence upon which the ALJ relied when crafting the RFC. *Cf. Dunlap v. Astrue*, Case No. CIV S-09-3446 EFB, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011). This summary and reasoning allows the Court to follow the ALJ's deductive reasoning. Though the decision may not be the model of clarity in every paragraph, the Court finds the decision provides enough detail to allow for review. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("we will not fault the agency merely for explaining its decision with 'less than ideal clarity.'") (internal citations omitted).

Finally, Plaintiff's arguments misunderstand the burden of proof applicable to social security cases. Plaintiff's burden extends beyond merely questioning the sufficiency of the ALJ's explanation for reaching the RFC he did. *Ukolov*, 420 F.3d at 1004 ("The claimant carries the initial burden of proving a disability.") (citation omitted). As stated in *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993), "[t]he mere existence of an impairment is insufficient proof of a disability" because the "claimant bears the burden of proving that an impairment is disabling." (Internal citations omitted). Thus, Plaintiff must show she is not just precluded from performing her prior work, but from performing any substantially gainful work due to an impairment. *Id.* (internal citation omitted). Plaintiff is "responsible for providing the evidence" the ALJ "will use to make a finding about ... [her] residual functional capacity." *Id*. And, the ALJ forms an RFC "based on all the relevant evidence in" the case presented. 220 C.F.R. § 404.1545(a)(1). Based on a review of the ALJ's decision and the totality of the parties' presentations, the Court finds the ALJ's RFC is free of legal error and supported by substantial evidence in the record.

2.    *The ALJ Provided Clear and Convincing Reasons to Reject Plaintiff's Symptom Testimony.*

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ "must provide specific, cogent reasons for the disbelief." *Id*. (internal citations and quotations omitted). Specifically, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal citations and quotations omitted). If the ALJ's credibility determination "is supported by substantial evidence in the record, the Court may not engage in second-guessing." *Tony G. v. Kijakazi*, Case No. 2:22-cv-00312-BNW, 2023 WL 4542132, at *3 (D. Nev. July 14, 2023) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

Here, Plaintiff alleges the ALJ failed to supply clear and convincing evidence to discount her symptom testimony. ECF No. 8 at 11. To the extent Plaintiff is arguing the ALJ failed to provide clear and convincing reasons to discount every symptom alleged, the argument lacks merit. Case law does not "require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)).

The ALJ referenced Plaintiff's daily activities and social interactions reflecting "a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments." AR 1335. The Ninth Circuit explains that "even if the [Plaintiff] experiences some difficulty or pain, her daily living activities 'may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (quoting *Molina*, 674 F.3d at 1113). That is what occurred here when, after summarizing Plaintiff's daily living activities and social interactions, the ALJ noted that "the physical and mental capabilities requisite to

performing many of [the noted activities] replicate those necessary for obtaining and maintaining employment." AR 1335.

Further, the ALJ cited record evidence showing Plaintiff received "mostly routine, conservative, and non-emergency treatment." AR 1336. An ALJ may discount subjective testimony in light of a conservative treatment plan. *Smartt*, 53 F.4th at 500. Plaintiff argues that the ALJ was required to identify other aggressive treatment options that "would be commensurate with [Plaintiff's] symptom testimony." ECF No. 8 at 16. As the District of Nevada previously held, "the rule Plaintiff cites requiring the ALJ to 'identify more aggressive treatment options that would be commensurate with [Plaintiff's] symptom testimony,' is not binding precedent and the Court declines to find error here." *Olayo v. Saul*, Case No. 2:21-CV-00205-EJY, 2021 WL 6063833, at *15 (D. Nev. Dec. 21, 2021); *Steininger v. Colvin*, Case No. SACV 12-01968 SH, 2013 WL 2417977, at n.6 (C.D. Cal. May 30, 2013) ("This misinterprets the case law. *Parra* does not require that the ALJ identify more aggressive treatment options or that medical professionals recommend them in order to find a claimant not credible. Rather, so long as evidence of conservative treatment is inconsistent with a claimant's testimony regarding the severity of an impairment, the ALJ can discount her credibility.").

The ALJ also found Plaintiff's symptoms were not reasonably consistent with the medical evidence in the record. AR 1346. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498 (emphasis in original). Plaintiff seems to argue the ALJ could not rely on Plaintiff's reported "mild and temporary improvements" because "improvement is a relative term." ECF No. 8 at 16. Plaintiff misses the mark. It is true that an ALJ errs when he/she rejects a claimant's testimony "merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). But here, the ALJ noted numerous points during the alleged period of disability where Plaintiff denied having symptoms and presented with a full range of motion. AR 1337. Plaintiff does not argue those were isolated instances of plucked from the record. Instead, in considering the totality of the record, the ALJ noted repeated instances where the medical record contradicted Plaintiff's symptom testimony.

In the end, Plaintiff is not entitled to remand because she is displeased with the ALJ's conclusions. *See Jackson v. Saul*, Case No. EDCV 19-01576-JEM, 2020 WL 2768682, at *5 (C.D. Cal. May 27, 2020) ("Plaintiff simply disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.") (citation omitted).   Accordingly, the Court finds no error with respect to the ALJ's decision to discount Plaintiff's symptom testimony.

**VI.    ORDER**

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is to enter judgment in favor of the Commissioner of Social Security and close this case.

Dated this 13th day of May, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE